# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Stephen Pollard, )
    Plaintiff, )
                      )
v. )    1:09cv1371 (JCC/TRJ)
                      )
United States of America, )
    Defendant. )

### MEMORANDUM OPINION AND ORDER

Stephen Pollard, a federal inmate housed in Arizona and proceeding pro se, has filed a petition for a writ of audita querela, pursuant to 28 U.S.C. § 1651, challenging the length of the sentence imposed following his 1993 conviction in this Court for kidnapping. Petitioner requests that the Court reduce his sentence, alleging that his sentence was increased according to now-unconstitutional mandatory federal sentencing guidelines. After reviewing plaintiff's complaint, the claim against defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

**I.**

According to the petition and exhibits provided by petitioner, on August 2, 1989, petitioner kidnapped a woman, took her to a deserted mountainous area, threatened to kill her, and raped her. Petitioner describes this offense as "a very minor crime," noting that following his conviction in the Circuit Court of Jefferson County, West Virginia of attempted sexual assault, he was "only" sentenced to time served, which was five months, and a related kidnapping charge was dismissed. On July 22, 1993, petitioner was indicted in this Court on one count of kidnapping pursuant to 18 U.S.C. § 1201, in connection with the same crime. United States v. Pollard, 1:93cr287 (JCC). Following a bench trial, petitioner was convicted and sentenced to 262 months in prison, a downward departure from the then-mandatory sentencing guidelines. According to petitioner, the government appealed to the United States Court of Appeals for the Fourth Circuit, which found that because the sentencing guidelines were mandatory, petitioner's sentence was invalid. Petitioner was resentenced to 360 months in prison, the lowest permissible sentence allowed by the guidelines. Petitioner states that since then he has filed petitions for writs of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255. Petitioner filed the instant petition for a writ of audita querela, arguing that because the sentencing guidelines are no longer mandatory, petitioner's original sentence of 262 months should be reimposed. He also argues that this Court should not construe the instant petition as a successive § 2255 petition because no other remedy is available.

**II.**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.

Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts have the power to "issue all writs necessary and appropriate." However, audita querela is not an available remedy when the claim would be cognizable in a § 2255 habeas petition. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir.2001). Rather, writs such as audita querela survive "only to the extent that they fill 'gaps' in the current systems of post-conviction relief." Id. at 1079. Several circuit courts, including the Fourth Circuit, have held that statutory limits on second or successive habeas petitions do not create a "gap" in the system of post-conviction relief that can be filled with the common law writs. See United States v. McRae, No. 09-7881, 2009 WL 5185761, *1 (4th Cir. Dec. 31, 2009); Carrington v. United States, 503 F.3d 888, 890 (9th Cir.2007); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Congress has established § 2255 as the sole appropriate vehicle for challenging federal sentences. See § 2255(a). Although petitioner correctly notes that construing the instant petition as a § 2255 habeas petition would render it a successive petition, petitioner may seek permission from the Fourth Circuit to file a successive § 2255 petition.[2] Because relief is therefore available without resorting to an extraordinary writ, audita querela is an impermissible remedy, and this petition must be dismissed.

---

[2] Petitioner will be provided with the appropriate form to request such permission.

3

Additionally, petitioner has requested appointment of counsel. He states that he is incarcerated and thus is unable to litigate in a courtroom, and that he will need counsel if the writ he requests is granted. As no hearing will be scheduled, and as the writ will not be granted, petitioner's request will be denied as moot.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE; and it is further

ORDERED that petitioner's Request for an Appointment of Counsel (Docket # 2) be and is DENIED AS MOOT.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order and a standard form to file a "Motion Under U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255" to petitioner, and to close this civil case.

Entered this 8 day of MARCH 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

4